```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**LAWRENCE E. HASLEY,**

      **Plaintiff,**

v.                              //    CIVIL ACTION NO. 1:12CV75
                                         (Judge Keeley)

**CHARLES DAVID FARMER and**
**ROUSTER WIRE ROPE AND RIGGING,**
**INC., a West Virginia corporation,**

      **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER *SUA SPONTE* REMANDING CASE**</u>

This matter is before the Court on a Notice of Removal from the Circuit Court of Monongalia County, West Virginia. For the reasons discussed below, the Court <u>sua</u> <u>sponte</u> **FINDS** that it lacks subject matter jurisdiction over this civil action and **REMANDS** this case to the Circuit Court of Monongalia County, West Virginia.

**I.**

On November 18, 2011, the plaintiff, Lawrence E. Hasley ("Hasley"), a police officer for the Morgantown City Police Department acting in his individual capacity, filed a complaint against the defendants, Charles David Farmer ("Farmer") and Rouster Wire Rope and Rigging, Inc. ("Rouster"), in the Circuit Court of Monongalia County, West Virginia. The complaint arises from a November 27, 2009 motor vehicle accident in which Farmer, who was operating a vehicle owned by Rouster, allegedly struck and injured the plaintiff while he was conducting traffic. Critically, the

**HASLEY  v. FARMER, ET AL.**                                         **1:12CV75**

**MEMORANDUM OPINION AND ORDER *SUA SPONTE* REMANDING CASE**

complaint seeks damages sounding in state tort law and contains no reference to federal law.

Rouster accepted service of the complaint on March 15, 2012, and Farmer accepted service on April 4, 2012. Over a month later, on May 7, 2012, Farmer filed a Notice of Removal with this Court, as well as an Answer and Counterclaim which levies various federal constitutional and 42 U.S.C. § 1983 claims against Hasley. The defendants rely upon this counterclaim to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, arguing that federal subject matter jurisdiction exists because "[t]he Counterclaim alleges violations of the United States Constitution and 42 U.S.C. § 1983." (Dkt. No. 3 at 2).[*]

**II.**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any state civil action which satisfies this requirement "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

---

[*] The Notice does not present federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 as an alternative jurisdictional ground, and all parties to this case appear to be West Virginia residents. (Dkt. No. 6 at 3).

**HASLEY v. FARMER, ET AL.**                               **1:12CV75**

**MEMORANDUM OPINION AND ORDER *SUA SPONTE* REMANDING CASE**

pending." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction, Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994), and all doubts about the propriety of removal should be resolved in favor of retaining state jurisdiction. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999).

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Accordingly, federal district courts have jurisdiction over "'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001) (quoting Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 27 (1983)).

### III.

A district court has an independent obligation to ensure that federal jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, must "raise lack of subject-matter jurisdiction on its own motion." Ins. Corp. of

**HASLEY  v. FARMER, ET AL.**                                              **1:12CV75**

**MEMORANDUM OPINION AND ORDER *SUA SPONTE* REMANDING CASE**

Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); see also Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) ("[B]ecause the lack of subject matter jurisdiction may be noticed by the district court sua sponte or by any party . . . the court may enter a remand order sua sponte." (citations omitted)).

Here, the sole basis for removal is that Farmer's counterclaim "alleges violations of the United States Constitution and 42 U.S.C. § 1983." (Dkt. No. 3 at 2). It is a well-established rule of law, however, that "a counterclaim – which appears as part of the defendant's answer, not as a part of the plaintiff's complaint – cannot serve as a basis of 'arising under jurisdiction.'" Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002) (citations omitted); see also Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) ("Federal jurisdiction cannot . . . rest upon an actual or anticipated counterclaim."). As no federal question appears on the face of the plaintiff's well-pleaded complaint, see Caterpillar Inc., 482 U.S. at 392, the Court lacks subject matter jurisdiction over this action and must remand this case to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**HASLEY v. FARMER, ET AL.**                                              **1:12CV75**

**MEMORANDUM OPINION AND ORDER *SUA SPONTE* REMANDING CASE**

**IV.**

For the reasons discussed, the Court <u>sua sponte</u> **REMANDS** this case to the Circuit Court of Monongalia County, West Virginia, and **CANCELS** the Scheduling Conference currently set for **Tuesday, June 19, 2012 at 10:30 a.m.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and send a certified copy to the Clerk of the Circuit Court of Monongalia County, West Virginia.

DATED: June 13, 2012

<pre>                                /s/ Irene M. Keeley
                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE</pre>